1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA 94105-2994
   Telephone: (415) 268-2000
4  Facsimile: (415) 268-1999
   Email: matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   VIRGIN RECORDS AMERICA, INC.;
7  PRIORITY RECORDS LLC;
   ATLANTIC RECORDING CORPORATION;
8  CAPITOL RECORDS, INC.; and BMG MUSIC

9

10                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF CALIFORNIA
11

12
                                              C 07 4100
13  VIRGIN RECORDS AMERICA, INC., a            CASE NO.
    California corporation; PRIORITY RECORDS
14  LLC, a California limited liability company;   EX PARTE APPLICATION FOR LEAVE
    ATLANTIC RECORDING CORPORATION, a         TO TAKE IMMEDIATE DISCOVERY
15  Delaware corporation; CAPITOL RECORDS,
16  INC., a Delaware corporation; and BMG
    MUSIC, a New York general partnership,
17
                    Plaintiffs,
18
19      v.

20  JOHN DOE,
                    Defendant.
21

22

23

24

25

26

27

28

1   Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply ex parte for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1. Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identities of Doe Defendants, who are being sued for direct copyright infringement.

2. As alleged in the complaint, the Defendant John Doe, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true names of Defendants John Doe, Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time of Defendant's infringing activity.

3. Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify Defendant's true name, current (and permanent) address and telephone number, e-mail address, and Media Access Control ("MAC") address. Without this information, Plaintiffs cannot identify the Doe Defendants or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4. Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

1  WHEREFORE, Plaintiffs apply ex parte for an Order permitting Plaintiffs to conduct the
2  foregoing requested discovery immediately.
3
4  Dated:    August 9, 2007                    HOLME ROBERTS & OWEN LLP
5
6                                  By    _____
7                                         MATTHEW FRANKLIN JAKSA
                                          Attorney for Plaintiffs
8                                         UMG RECORDINGS, INC., INTERSCOPE
                                          RECORDS; CAPITOL RECORDS, INC.;
9                                         VIRGIN RECORDS AMERICA, INC.;
                                          and ARISTA RECORDS LLC.
10